**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

WILLIE M. BURKS, III,

    Plaintiff,

v.                                                                                                   Case No. 18-12120

JOHN WILSON, et. al.,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT FOR LACK OF PROSECUTION**

Plaintiff Willie M. Burks, currently incarcerated at the Midland County Jail, alleges that he has medical needs that are not being met. He brings this action under 42 U.S.C. § 1983 for violation of his civil rights. (Dkt. #1.)

At the same time that he filed his complaint, Plaintiff filed an application to proceed without prepayment of fees and costs. (Dkt. #2.) The application lacked the required certified trust account statement. *See* 28 U.S.C. § 1915(a)(2). Noting that the application was incomplete, the court entered an Order of Deficiency. (Dkt. #4.) The deficiency order informed Plaintiff that "within 30 days from the date of this notice," he must either submit the required filing fee or file "the required Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from the Trust Fund Account, a current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint." (*Id.*) The order of deficiency was entered on July 12, 2018.

Two weeks later, Plaintiff filed a second application to proceed without prepayment of fees. (Dkt. #6.) But the application was similarly missing the required documents. Plaintiff has filed nothing further in support of his application, and his time to correct the deficiency has now elapsed.

A prisoner who seeks to bring a civil action in federal court without prepayment of the filing fee must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If a prisoner who does not pay the filing fee fails to provide the required documentation, the district court must notify the prisoner of the deficiency; the prisoner will then have thirty days to correct the deficiency or pay the full filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007). If the prisoner fails to do so, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order that the case be dismissed for want of prosecution." *Id.*

Both of Plaintiff's applications to proceed without prepayment are deficient. The court noted the deficiency in Plaintiff's initial application and ordered that it be corrected within 30 days. (Dkt. #4.) It also warned Plaintiff that failure to correct the deficiency or pay the full amount of the filing fee would result in dismissal for want of prosecution. (Dkt. #4 Pg. ID 25.) Plaintiff failed to correct the deficiency and has not paid the filing fee. His case is therefore properly dismissed for want of prosecution. *See Erby v. Kula*, 113 F. App'x 74 (6th Cir. 2004). Accordingly,

2

IT IS ORDERED that Plaintiff's Complaint (Dkt. #1) is DISMISSED WITHOUT PREJUDICE. The dismissal is without prejudice to Plaintiff's ability to refile his complaint, so long as he pays the filing fees or submits a properly-supported application to proceed without prepaying fees or costs.

IT IS FURTHER ORDERED that Plaintiff's application to proceed without prepayment of the filing fee (Dkt. #2) is DENIED WITHOUT PREJUDICE.

                                              s/Robert H. Cleland             /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 9, 2018, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                /
Case Manager and Deputy Clerk
(810) 292-6525

Z:\Cleland\KNP\Civil\18-12120.BURKS.Dismiss.DHB.KNP.docx